FRANCIS S. COGHLAN, RESPONDENT, v. WILLIAM B. DINSMORE, PRESIDENT OF THE ADAMS EXPRESS CO., APPELLANT.

*Promissory Note—Failure of Collector to Protest—Liability.*

Where the American Express Company had undertaken to present a promissory note to the maker thereof for payment, or procure it to be protested, and neglected or refused so to do, by means of which one of the endorsers of such note was discharged from his liability as endorser, held, that the Express Company was liable for such omission to present the note for payment and procure it to be protested.

THIS action was brought to recover from the Defendant the amount of a promissory note, as damages charged to have been sustained by the Plaintiff, by reason of the alleged omission of the Adams Express Company to cause the said note to be presented for payment, and to be protested at New Orleans, according to contract.

On the trial the Plaintiff proved that, upon the sixth of April, 1861, he was the owner of a certain promissory note, made by one G. M. Nichols, payable to the order of Saltus & Co., and endorsed by them and one Anna Saltus, for nineteen hundred and twenty-two dollars and thirty-four cents, payable ten months after date, at the office of Payne and Harrison, in New Orleans.

On that day he gave the said note to the Adams Express Company for collection, and ordered that it should be protested, if not paid. He at the same time took a receipt from the Defendant, setting forth the contract. The note was subsequently brought to the Plaintiff, by some person in the employ of the Defendant, who asked him to take the note and give a receipt for it. This the Plaintiff refused to do, on the ground that it did not appear to have been protested. No certificate of protest was attached to the note.

The Plaintiff afterward called at the office of the Defendant,

and had some conversation with the person in charge, who said that he did not know anything about it, but promised to write and inquire why the note had not been protested. The Plaintiff never heard further from the Defendant upon the subject.

On this statement, the Plaintiff rested his case.

A motion was made for a nonsuit, which was denied.

It was proved, on behalf of the Defendant, that Nichols, the maker of the note, resided at Shreveport, La., and gave the note to Saltus & Co. for the purchase of iron.

That he was here in April, 1861, but did not return to his place of business, in consequence of the political troubles which prevailed at that time.

He made an arrangement at this time with Saltus & Co., by which he was to pay them one thousand dollars upon this note, and they agreed to protect the note, and extend the time of payment of the balance. This they failed to do. It was agreed, notwithstanding this arrangement, that the note should be protested.

*Jno. H. Reynolds* for Appellant.
*Wm. Allen Butler* for Respondent.

FULLERTON, J.—The nonsuit in this case was properly denied. When the Plaintiff rested, he had proved the contract, by which the Defendant had received the note for collection, and agreed, if it were not paid on presentation, to have the same protested, and he had further given some testimony tending to prove that this contract had not been performed.

It appeared that when the note was returned to the Plaintiff, by the Adams Express Company, no certificate of protest was attached to it, and the Plaintiff refused to receive it for that reason. It was not then pretended, by the person having the principal charge of the affairs of the company, that the note had been protested, and he promised the Plaintiff that he would write and inquire *why it had not been done.*

The Plaintiff never heard from the company, or any of its officers, after that interview.

Upon this evidence the jury could properly have found that the note had not been protested, in compliance with the Defendant's contract, and it would not have been proper to have taken the case from them.

After the close of the testimony, the Court ruled:

1. That the evidence on the part of the Defendant did not amount to proof of waiver of notice of non-payment, and notice of protest by Saltus & Co., the endorsers of said note.

2. That such evidence was not sufficient, as between the Plaintiff and the Defendant, to discharge the express company from the performance of their agreement.

3. That there was no sufficient evidence to go to the jury, of any waiver of notice of non-payment, or notice of protest, on the part of Anna Saltus, one of the endorsers of the note.

To these three distinct propositions, the Defendant took a single exception, and it follows, that if any one of the propositions can be maintained, the exception is not well taken (Day v. Roth, 18 New York Rep. 448 ; Winchell v. Hicks, id. 558 ; Haggart v. Morgan, 5 New York, 422 ; Hunt v. Maybee, 7 ib. 266). The last of the three propositions was undisputedly correct. There is no evidence whatever in the case tending to show that Anna Saltus ever waived her rights as endorser of the note.

Whatever may have transpired between the maker and the other endorsers, affecting the rights of the latter, it is not pretended that Mrs. Saltus ever participated in, or had any knowledge of it. She was therefore entirely unaffected by the agreement, by which it is claimed the other endorsers waived notice of protest. Consequently, the Judge ruled correctly as to that part of the case, and the exception does not bring the other propositions under consideration.

Neither was there error in the refusal to charge that the Plaintiff could not recover, unless the jury should believe that the maker of the note was insolvent.

The evidence touching the maker's pecuniary condition was given by himself, and he frankly confessed that he had no means

to pay his debts at that time, nor had he been able to pay this note in money, at any time since its maturity.

The particulars he gave of his condition, all went to show that he was insolvent.

There was no dispute about these facts sworn to, touching his inability to pay his debts, and there was no error in refusing to submit the question to the jury.

The judgment should be affirmed, with costs.

All concur.

Affirmed.